IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

RHONDA SUE HENDON           PLAINTIFF

  v.      CIVIL NO. 3:16-CV-3039

NANCY A. BERRYHILL, [1] Acting Commissioner,
Social Security Administration         DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Rhonda Sue Hendon, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I. Procedural Background:**

Plaintiff protectively filed her current application for SSI on April 23, 2013, alleging an inability to work since May 12, 2012, due to the following conditions: removal of a portion of her colon, back pain, and depression. (Doc. 9, pp. 95, 111). An administrative hearing was held on June 27, 2014, at which Plaintiff appeared with counsel and testified. (Doc. 9, pp. 37-69).

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

In a written opinion dated November 14, 2014, the ALJ found that the Plaintiff had severe impairments of partial colon removal, degenerative disc disease, pain disorder, adjustment disorder with depressed mood and amphetamine abuse in remission. (Doc. 9, p. 17). After reviewing the evidence in its entirety, the ALJ determined that the Plaintiff's impairments did not meet or equal the level of severity of any listed impairments described in Appendix 1 of the Regulations (20 CFR, Subpart P, Appendix 1). (Doc. 9, pp. 17-19). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 416.967(b) except the claimant can occasionally climb, balance, stoop, kneel, crouch and crawl. She must avoid concentrated exposure to temperature extremes and fumes, odors, dust, gases and poorly ventilated areas. The claimant can frequently handle and finger bilaterally. She is able to perform work where interpersonal contact is routine but superficial; complexity of tasks is learned by experience, several variables, judgment within limits. Supervision required is little for routine but detailed for non-routine.

(Doc. 9, p. 19). With the help of a vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff was capable of performing her past relevant work as a waitress. (Doc. 9, p. 27).

Subsequently, on December 4, 2014, Plaintiff requested a review of the hearing decision by the Appeals Council. (Doc. 9, p. 11). The Appeals Council denied her request on February 3, 2016. (Doc. 9, pp. 5-9). Plaintiff then filed this action on March 25, 2016. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have submitted briefs, and the case is now ready for decision. (Docs. 10, 11).[2]

---

[2] The Court notes Defendant's argument that Plaintiff's brief exceeds the page limitation and requests that the additional pages be stricken. The Court will not strike the additional pages in this case. Plaintiff's counsel is, however, cautioned to abide by page limitations in all future cases and to refrain from attaching outside exhibits to Plaintiff's briefs.

2

The Court has reviewed the transcript in its entirety. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§ 423(d)(1)(A), 1382c (a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. § 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 416.920.

## III. Discussion:

Plaintiff argues on appeal that the ALJ erred in making his RFC determination in that he failed to consider Dr. Samuel Hester's July 5, 2013, examination and failed to incorporate both Dr. Hester's and Dr. Stephen Harris' findings into the RFC determination. (Doc. 10, pp. 9-11).

### A. Subjective Complaints and Symptom Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5)

4

functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. The record reflects that Plaintiff completed a Function Report wherein she reported that she had the ability to tend to her personal needs and do some household chores, such as laundry. (Doc. 9, pp. 220-224). She also reported that she could drive a car, pay bills, count change, and that her hobbies included sewing and watching television. (Doc. 9, pp. 223-224). This level of activity belies Plaintiff's complaints of pain and limitation, and the Eighth Circuit has consistently held that the ability to perform such activities contradicts a Plaintiff's subjective allegations of disabling pain. See Hutton v. Apfel, 175 F.3d 651, 654-655 (8th Cir. 1999) (holding ALJ's rejection of claimant's application supported by substantial evidence where daily activities—making breakfast, washing dishes and clothes, visiting friends, watching television and driving—were inconsistent with claim of total disability).

With respect to Plaintiff's alleged physical impairments, Plaintiff's medical records showed that during the relevant time period, Plaintiff was treated by Dr. Michael Hodges at North Central Arkansas Medical Associates on June 18, 2013, for fluid in her right elbow, for which she was given an Ace wrap. (Doc. 9, p. 389). On June 25, 2013, Plaintiff underwent an x-ray of her lumbar spine, which showed some degenerative change, but no fracture or

dislocation. (Doc. 9, p. 356). On September 18, 2013, Plaintiff saw Dr. Hodges for low back pain, urinary incontinence, and left-sided paresthesia. Dr. Hodges also noted loss of bowel control (from a previous surgery), shortness of breath, loss of sleep, and migraine headaches. Plaintiff's physical exam was normal, except for the presence of paraspinal muscle tenderness. Dr. Hodges prescribed pain medication. (Doc. 9, pp. 392-394). On October 10, 2013, Plaintiff underwent a MRI, which yielded the following: prominent degenerative facet change on left at L5-S1 with posterior synovial cyst; diffuse mild to moderate degenerative disc changes; and no significant spinal or foraminal stenosis or acute process. (Doc. 9, p. 396). Her last medical record of a visit to a physician's office was on May 9, 2014, seven months after her MRI, at the Mountain Home Christian Clinic, where she presented with complaints of low back pain, neck pain, depression, and numbness in her hands. Clinic notes indicated she was not currently taking any medication, but also revealed that she was prescribed Celexa, Flexeril, and Tramadol on that day. (Doc. 9, p. 510).

Based on Plaintiff's medical records, Plaintiff was not consistent in seeking medical attention and would go months without seeing a physician. See Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001) (holding that lack of evidence of ongoing counseling or psychiatric treatment for depression weighs against Plaintiff's claim of disability); See Novotny v. Chater, 72 F.3d 669, 671 (8th Cir. 1995) (per curiam) (failure to seek treatment inconsistent with allegations of pain). When Plaintiff did seek medical treatment, she was treated conservatively and appeared to experience some relief with the use of medication. See Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998); see Robinson v. Sullivan, 956 F.2d 836, 840 (8th Cir. 1992) (course of conservative treatment contradicted claims of disabling pain). Furthermore, Plaintiff's treating physicians did not place any work restrictions on Plaintiff as a result of any

6

physical impairment. See Hutton v. Apfel, 175 F.3d 651, 655 (8th Cir. 1999) (lack of physician-imposed restrictions militates against a finding of total disability).

With respect to Plaintiff's alleged mental impairments, the record fails to establish that Plaintiff sought on-going and consistent treatment from a mental health provider. See Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001) (holding that lack of evidence of ongoing counseling or psychiatric treatment for depression weighs against Plaintiff's claim of disability). Just prior to the relevant time period, in May of 2012, Plaintiff saw Dr. Michael Hodges at North Central Arkansas Medical Associates, complaining of symptoms of depression, anxiety, and stress. However, Dr. Hodges' clinic records indicated that Plaintiff also reported that she was experiencing feelings of guilt over her ability to meet the needs of her daughter, who suffered from cerebral palsy. (Doc. 9, p. 347). Her physical examination was normal, including the psychological portion of the exam, and Plaintiff was prescribed Zoloft. No mental health treatment was recommended. (Doc. 7, p. 286). Pharmacy records showed that Plaintiff filled a prescription for a 30-day supply of her depression medication once in 2012, and once in 2013. (Doc. 9, p. 255). It was not until May of 2014, two years later, that Plaintiff again complained of symptoms of depression. (Doc. 9, p. 510).

To the extent that Plaintiff asserts that she was unable to seek treatment for her physical or mental conditions due to a lack of finances, the record is void of any indication that Plaintiff had been denied treatment due to the lack of funds. Murphy v. Sullivan, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship). Further, the Court notes that Plaintiff's medical records indicated that from

April of 2008, until January of 2012, Plaintiff was able to support her smoking habit, while being counseled on tobacco cessation. (Doc. 9, pp. 293, 301, 321, 332, 500).

While it is clear that Plaintiff suffers with some degree of limitation, she has not established that she was unable to engage in any gainful activity during the relevant time period. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

B. **The ALJ's RFC Determination and Medical Opinions:**

RFC is the most a person can do despite that person's limitations. See 20 C.F.R. § 416.945(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. See Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. See 20 C.F.R. § 416.945(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. See Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In deciding whether a claimant is disabled, the ALJ considers medical opinions along with "the rest of the relevant evidence" in the record. 20 C.F.R. § 416.927(b). "It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians. The ALJ may reject the conclusions of any medical expert, whether hired by the claimant or

the government, if they are inconsistent with the record as a whole." Wagner v. Astrue, 499 F.3d 842, 848 (8th Cir. 2007), citing Pearsall v. Massanari, 274 F.3d 1211, 1219 (8th Cir. 2001) (internal citations omitted).

The SSA regulations set forth how the ALJ weighs medical opinions. The regulations provide that "unless [the ALJ] give[s] a treating source's opinion controlling weight ... [the ALJ] consider[s] all of the following factors in deciding the weight [to] give to any medical opinion": (1) examining relationship; (2) treating relationship; (3) supportability of the opinion; (4) consistency; (5) specialization; and, (6) "any factors [the applicant] or others bring[s] to [the ALJ's] attention." 20 C.F.R. § 416.927(c). The regulations provide that if the ALJ finds "that a treating source's opinion on the issue(s) of the nature and severity of [the applicant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and *is not inconsistent with the other substantial evidence in [the applicant's] record,* [the ALJ] will give it controlling weight." Id. at § 416.927(c)(2) (emphasis added).

In finding Plaintiff able to perform light work, the ALJ considered Plaintiff's subjective complaints and the medical records of her treating, examining and non-examining physicians. Specifically, the ALJ addressed the relevant medical records, and the medical opinions of treating, examining and non-examining medical professionals, and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians") (citations omitted); Prosch v. Apfel, 201 F.3d 1010, 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole).

In her argument, Plaintiff alleges that the ALJ failed to mention the consultative examination of Dr. Samuel Hester, and failed to incorporate Dr. Hester's findings as well as Dr. Harris' findings into the RFC determination. (Doc. 10, pp. 9-13). The Court points out that Drs. Hester and Harris are neither treating sources nor non-examining sources, but are consultative examiners, meaning that they have examined the Plaintiff on at least one occasion. The weight to be given to their opinions is determined by the factors listed under 20 C.F.R. § 416.927(c). The ALJ is not required to give reasons for the weight given to the opinions of Drs. Hester and Harris because they are not a treating sources. See 20 C.F.R. § 416.927(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.").

In this matter, the ALJ reviewed all of the evidence and specifically mentioned numerous consultative examiners' opinions, providing the weight given to each of those opinions. (Doc. 9, pp. 22-27). While it would have been preferable for the ALJ to have specifically mentioned the findings from Dr. Hester's consultative examination, an ALJ's arguable deficiency in opinion-writing technique does not require the Court to set aside a finding that is supported by substantial evidence. See Lemm v. Colvin, 2016 WL 3102219 *3 (E.D. Ark. June 2, 2016) (citing Carlson v. Chater, 74 F.3d 869 (8th Cir. 1996)).

The RFC determination in the present case is, in fact, supported by other medical evidence in the record. It is the Court's function to uphold the Commissioner's decision unless it is not supported by substantial evidence on the record as a whole. Eichelberger v. Barnhart, 390 F.3d 584, 589 (8th Cir. 2004). Based on a review of the evidence of record, the Court finds substantial evidence to support the ALJ's RFC determination.

## C. Past Relevant Work

Plaintiff has the initial burden of proving that she suffers from a medically determinable impairment which precludes the performance of past work. Kirby v. Sullivan, 923 F.2d 1323, 1326 (8th Cir. 1991). Only after the claimant establishes that a disability precludes performance of past relevant work will the burden shift to the Commissioner to prove that the claimant can perform other work. Pickner v. Sullivan, 985 F.2d 401, 403 (8th Cir. 1993).

According to the Commissioner's interpretation of past relevant work, a claimant will not be found to be disabled if she retains the RFC to perform:

> 1. The actual functional demands and job duties of a particular past relevant job; *or*
>
> 2. The functional demands and job duties of the occupation as generally required by employers throughout the national economy.

20 C.F.R. §§ 416.920(e); S.S.R. 82-61 (1982); Martin v. Sullivan, 901 F.2d 650, 653 (8th Cir. 1990) (expressly approving the two part test from S.S.R. 82-61).

Here, the ALJ specifically found that Plaintiff could return to her past relevant work as a waitress. (Doc. 9, pp. 27-28). In doing so, the ALJ relied upon the opinion of a vocational expert, who opined that Plaintiff's past relevant work as a waitress was considered light work in the Dictionary of Occupational Titles. See Gilbert v. Apfel, 175 F.3d 602, 604 (8th Cir. 1999) ("The testimony of a vocational expert is relevant at steps four and five of the Commissioner's sequential analysis, when the question becomes whether a claimant with a severe impairment has the residual functional capacity to do past relevant work or other work.") (citations omitted). Accordingly, the Court finds substantial evidence to support the

11

ALJ's finding that Plaintiff could perform her past relevant work as a waitress, as that job is generally performed.

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 20th day of June, 2017.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE